IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Rosemary Hauser** | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 17-cv-3844-JMC |
| **Mark Powell, et al,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**OPINION AND ORDER REGARDING DEFENDANT POWELL'S
MOTION IN LIMINE REGARDING POWELL'S POST-ACCIDENT ACTIONS**

The Court has before it Defendant Powell's Motion in *Limine* Regarding Powell's Post-Accident Actions (ECF No. 91), as well as Plaintiff's Opposition (ECF No. 99). Defendant argues that his post-accident conduct (whereby he left the scene of the accident) is not relevant because the parties have stipulated as to Defendant Powell's liability. Defendant further argues that the admission of such evidence would be unfairly prejudicial as it could portray him in a negative light to the jury deciding the remaining questions of causation and damages.

Plaintiff does not oppose the motion absent Defendant "opening the door" to such testimony. The Court agrees with the parties. Federal Rule of Evidence ("FRE") 402 requires that evidence be relevant to be admissible. Given the stipulation as to Defendant Powell's liability, and in the absence of any evidence that his failure to remain on the scene somehow exacerbated Plaintiff's claimed damages, the Court agrees that his post-accident conduct is not relevant. Further, even if Plaintiff could demonstrate some marginal relevance, the danger of unfair prejudice by portraying Defendant Powell in a negative light would counsel again its admission pursuant to FRE 403.

To Plaintiff's point however, Defendant Powell should be mindful of not "opening the door" to such testimony. Should that arise, the Court will re-evaluate its decision.

According, Defendant Powell's Motion in *Limine* (ECF No. 91) is **GRANTED**.

Date: September 14, 2022

_____
J. Mark Coulson
U.S. Magistrate Judge

