IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Rosemary Hauser** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17-cv-3844-JMC |
| **Mark Powell, et al,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION REGARDING
## MOTION FOR RECONSIDERATION OF BUCHHOLZ OPINION

The Court has previously granted in part and denied in part Plaintiff's Motion to Exclude the Testimony of Dr. David Buchholz. (ECF No. 106). The Court has before it Plaintiff's Motion to Reconsider that order. (ECF No. 110). For the reasons set forth more fully below, Plaintiff's Motion for Reconsideration is DENIED.

Plaintiff first reasserts her argument that Dr. Buchholz's alternative explanation for some of her symptoms—Transient Global Ischemia secondary to migraines---is *ipse dixit* and therefore inadmissible. As pointed out in the original order, it was actually one of Plaintiff's treating neurologists who offered first offered the differential diagnosis of Transient Global Ischemia, not Dr. Buchholz. And, it is clear from multiple medical records that Plaintiff has had a history of migraines both before and after the accident at issue. Plaintiff also does not dispute that migraines have a significant association with Transient Global Ischemia. While Plaintiff questions whether that association is strong enough to support potential causation in this case, that goes to the weight of Dr. Buchholz's opinion, not its admissibility. Similarly, Plaintiff's observation that her history of migraines dates back many decades, yet she ever experienced

Transient Global Ischemia prior to her accident is fodder for cross examination, not admissibility.

    Plaintiff also asks the Court to clarify that part of its order barring Dr. Buchholz from commenting directly as to Plaintiff's credibility or motivations in conveying her history, complaints and symptoms, or her performance on various evaluative assessments and testing. Specifically, Plaintiff wants to include a prohibition on Dr. Buchholz opening that the tests administered by Plaintiff's expert Dr. Di Dio are "fakeable," which implies that Plaintiff was purposefully underperforming on such testing. The Court agrees that referring to Dr. Di Dio's testing as "fakeable" would violate its previous order. That said, assuming an appropriate foundation is laid, Dr. Buchholz may comment generally on the components of such testing, including whether such testing does or does not include mechanisms to corroborate responses or measure effort. Dr. Buchholz may not give the opinion that Plaintiff was "faking" or purposefully underperforming on the tests. As previously indicated, he may, however, contrast those test results with other medical records, testing, or the ability to perform daily activities.

Date: September 15, 2022

_____
J. Mark Coulson
U.S. Magistrate Judge