IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Rosemary Hauser** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Case No. 17-cv-3844-JMC |
| **Mark Powell, et al,** | * | |
| **Defendants.** | * | |

* * * * * * *

## OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ATTORNEY REFERRAL

The Court has before it Plaintiff's Motion in Limine to Exclude Testimony of Attorney Referral (ECF No. 89), as well as Defendants' Opposition (ECF No. 101), and Plaintiff's Reply (ECF No. 111). Specifically, Plaintiff argues that the Court should exclude evidence that Plaintiff was referred to two physicians, Dr. Di Dio and Dr. Herman, by her attorneys.

Plaintiff's argue that, although such evidence in certain cases might be appropriate to show bias regarding findings and conclusions of physicians who had a prior relationship with counsel or who had a financial incentive, her counsel has no prior relationship with Dr. Di Dio or Dr. Herman, neither has a financial incentive to testify on Plaintiff's behalf. Additionally, Plaintiff seems specifically concerned with the emphasis by Defense expert Dr. Buchholz that these were attorney referrals as part of the basis for his opinions.

For their part, the Defense argues that under the circumstances of this case, evidence of the attorney referral is appropriate to show bias. In addition to arguments regarding financial bias, the Defense emphasizes that the circumstances and timing of the referrals suggest that the selection of these two physicians was strategic and designed, at least in part, to strengthen

Plaintiff's legal case by directing her to physicians who might be more experienced in personal injury matters and advocacy than a referral from a health care provider such as a primary care physician. Under such circumstances, the Defense argues that relevancy is easily satisfied, and that any danger of unfair prejudice or confusion can be mitigated by whatever alternative explanation Plaintiff, or her witnesses want to present as to why these two physicians were chosen.

The Court largely agrees with the Defense that the circumstances of how Plaintiff came to see Dr. Herman and Dr. Di Dio more than a year after the accident and in the context of a legal case are relevant as the jury evaluates how much weight to give their respective opinions. While Plaintiff argues that "there is no evidence that Dr. Di Dio even knew how Plaintiff came to be his patient," this is not dispositive of whether the jury should know how Dr. Di Dio and Dr. Herman came to be Plaintiff's doctors. To be clear, there is nothing untoward about such a referral. But when that choice is made by one's personal injury attorney versus a family member, primary care physician, or a patient's own research, it is relevant as the jury considers what weight to give the testimony. That is because even when the physician in question has no direct financial incentive, the Plaintiff could have such incentive in making her choice, as her post-accident medical course may well be a factor in the success of her case. Under such circumstances, she could turn to her attorney to assist her in selecting a health care provider who has litigation experience so as to potentially increase the chance of that success. Even where the attorney might not have a prior relationship with a physician, the attorney may have ample information to locate a physician experienced in litigation matters on behalf of plaintiffs including information from other attorneys, expert witness services, verdict reporters, or an expert's (or his practice's) own efforts to develop a such a market.

Of course, there may be other reasons having nothing to do with case strategy that leads an attorney to help a client select her post-injury health care providers: an attorney may have better familiarity with the professional reputations of health care providers, may have had other clients who obtained therapeutic relief from a given provider or specialty, may be able to facilitate an appoint because of a relationship with the healthcare provider, etc.  Plaintiff is free to introduce such evidence and testimony as an alternative explanation for Dr. Herman's and Dr. Di Dio's selection.  And simply because a physician has prior experience in litigation matters, that does not, by itself, necessarily undermine that physician's findings and opinions.  But, in conjunction with other evidence, it may be a factor that goes to the weight a juror ultimately gives the opinion.

That said, the Court also shares Plaintiff's concerns that Defense experts such as Dr. Buchholz might invade the province of the jury by providing their own "opinion" regarding the significance of the attorney referral, and that such an opinion, with the imprimatur of expert witness, might be misleading to the jury by overstating the weight to be given to the referral. Accordingly, the Court will not allow Defense experts to comment on the attorney referrals to Dr. Herman and Dr. Di Dio or their significance.

Accordingly, Plaintiff's Motion in Limine to Exclude Testimony of Attorney Referral (ECF No. 89) is **GRANTED** in part (as to Defense experts only) and otherwise **DENIED**.

Dated: September 15, 2022   _____
J. Mark Coulson
U.S. Magistrate Judge

