IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Rosemary Hauser** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17-cv-3844-JMC |
| **Mark Powell, et al,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER REGARDING
## USE OF DR. HERMAN'S DEPOSITION AT TRIAL

During the pretrial conference in this matter, Defendant Powell raised the issue of whether Plaintiff would be permitted to read from the deposition of Massachusetts physician Dr. Seth Herman, one of Plaintiff's treating neurologists who was also designated by Plaintiff as an expert witness, in lieu of calling him as a live witness. At the Court's request, Defendant Powell submitted a position statement arguing for the exclusion of such deposition testimony. (ECF No. 94). Plaintiff also submitted her own position statement in response. (ECF No. 97).

Defendant Powell acknowledges that Rule 32(a)(4) allows a party to use a deposition for any purposes under circumstances such as this where the opposing party had an opportunity to participate in the deposition and the deponent is more than 100 miles away from the courthouse so as to be beyond subpoena power for trial appearance purposes, absent the sponsoring party's "procurement" of the witnesses' absence. Fed. R. Civ. P. 32(a)(4)(B). Defendant Powell also acknowledges that *Tatman v. Collins*, 938 F.2d 509 (4th Cir. 1991) would appear to support use of the deposition under similar circumstances. However, Defendant Powell attempts to distinguish the present case from *Tatman* on two grounds: (1) Dr. Herman was designated as an expert, and

(2) because Defendant Powell's deposition of Dr. Herman was for discovery purposes, it was more open-ended and solicitous than counsel's cross examination at trial would be. As to that latter point, Defendant Powell suggests that deposition excerpts under such conditions give undue weight to Dr. Herman's opinions since those opinions were elicited by Defense Counsel.

The Court acknowledges Defendant Powell's concerns, which echo similar concerns by some legal scholars. *See, e.g.*, Steven D. Parman, *Twisting the Purposes of Discovery: Expert Witnesses and the Deposition Dilemma*, VAND. L. REV., November 1983, at 1616. However, as Plaintiff points out, Rule 32(a) does not distinguish between expert and other depositions, or whether the purpose of the deposition was for discovery or for use of trial. Further, *Tatman* reinforced that interpretation despite similar arguments from the opposing party in that case both as to the type and purposes of the proffered deposition. *Tatman*, 938 F.2d at 510-511; *see also Holman v. Greyhound Lines, Inc., et al.*, No. 21-112-BAH, 2022 WL 1720152, at 7 (D. Md. May 27, 2022).

To the extent that Defendant Powell is concerned that the deposition excerpts will be presented out of their appropriate context, Rule 32(a)(6) provides the opportunity to introduce other portions as necessary. Therefore, the Court will permit the use of Dr. Herman's deposition testimony, and Defendants will have the opportunity to introduce other portions of that deposition testimony as necessary.

Date: September 15, 2022                              _____/s/_____
                                                                        J. Mark Coulson
                                                                        United States Magistrate Judge